FILED
2011 Jul-15 AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARNITA M. CROW, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:10-cv-01156-JEO** |
| **MORGAN KEEGAN & CO., INC.,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This action is before the court on defendant Morgan Keegan & Co., Inc.'s Motion to Dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). (Doc. 4). For the following reasons, the motion is due to be granted in part and denied in part, and the action is due to be dismissed with prejudice.

### I.   FACTS AND PROCEDURAL HISTORY[1]

On or about May 20, 2008, plaintiffs Marnita M. Crow, Jan C. Scruggs, Wayne Higgins, Shirley Diane Jones, Louis Kelley, Ronald Killary, Katherine Killary, Paul Vanberburg, and Shirley Vanberburg filed a Statement of Claim with

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009).

the Financial Industry Regulatory Authority ("FINRA"), asserting claims of unsuitability and fraud against defendant Morgan Keegan & Co., Inc., related to its solicitation of a bond fund.  (Doc. 1 at 8 ¶ 36).  A panel of the FINRA's Dispute Resolution division arbitrated plaintiffs' claims in August and September 2009.  (*Id*. at 8 ¶ 38).  On September 19, 2011, the panel issued an award in Birmingham, Alabama, in favor of defendant as to the claims of plaintiffs Marnita Crow, Jan Scruggs, Ronald Killary, Katherine Killary, Paul Vanderburg, and Shirley Vanderburg and against defendant as to the claims of plaintiffs Louis Kelley, Wayne Higgins, and Shirley Jones. (*Id*. at 8 ¶¶ 39-40).  On October 21, 2009, defendant issued the prevailing plaintiffs checks satisfying the judgment in full, which they accepted.  (*Id*. at 9 ¶ 42).

Approximately six months later, in April 2010, the Securities and Exchange Commission, the Alabama Securities Commission, and FINRA instituted separate proceedings against defendant, alleging that it misled investors in soliciting sales for the same bond fund at issue here.  (*Id*. at 9 ¶ 45).  Those proceedings disclosed a series of May 2007 emails between Gary Stringer, a Senior Vice President of defendant, and another employee discussing the solicitation of the fund.  (*Id*.)  In light of the emails, plaintiffs commenced this action on May 3, 2010, with a Motion to Confirm Arbitration Award as to all Plaintiffs and Partially Set Aside

the Award as to Some Plaintiffs, doc. 1, on the ground that defendant impermissibly failed to produce the documents during the arbitration proceedings and that their lack of access to the emails likely affected the outcome of the arbitration. Plaintiffs who prevailed at arbitration request only that the court confirm the award pursuant to 9 U.S.C. § 9, the Federal Arbitration Act, whereas plaintiffs who were unsuccessful request that the court confirm the arbitration award and then set it aside pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b) and "equity and good conscience." (Doc. 1 at 2; doc. 5 at 1-2).[2] Defendant moves to dismiss the action on three separate grounds: (1) the action is moot because it previously satisfied the arbitration award; (2) the action is untimely under 9 U.S.C. § 12; and (3) even if the action is timely, plaintiffs cannot satisfy the requires for relief under Rule 60(b). (Doc. 4). Defendant also seeks sanctions against plaintiffs, asserting that the action is frivolous. (*Id.*)

## II. STANDARD OF REVIEW

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. To survive a

---

[2]Although plaintiffs reference 9 U.S.C. § 10, which allows a party to an arbitration to move a district court for an order vacating an arbitration award, in their initial motion, their response to defendant's Motion to Dismiss clearly states: "Plaintiffs have moved pursuant to 9 U.S.C. § 9 ... to confirm the arbitration award against them into a judgment. Once the Court has done so, Plaintiffs request that the Court apply Rule 60(b) to that judgment.... Plaintiffs do not seek to have the award vacated under §§ 10 or 11 of the FAA." (Doc. 5 at 1-2).

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). A plausible claim for relief exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quotation marks and citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

### III.  DISCUSSION

**A.      Confirmation of the Arbitration Award**

Plaintiffs first ask the court to confirm the underlying arbitration award pursuant to 9 U.S.C. § 9, which states, in part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration ... then at any time within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 an 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Defendant contends that the motion to confirm the award is moot because it previously satisfied the award. (Doc. 4 at 2). The court disagrees. The plain language of the 9 U.S.C. § 9 mandates that the award be confirmed upon request, if the same is made within one year and unless the award is vacated, modified, or corrected as set out. Here, plaintiffs have satisfied these requirements by moving for confirmation within one year of the award and within the district where the award was made. Therefore, plaintiffs' motion to confirm the arbitration award is due to be granted and a judgment confirming the award is due to be entered.

**B.    Setting Aside the Arbitration Award**

The unsuccessful plaintiffs at arbitration further ask the court to provide them relief from the judgment confirming the award pursuant to FEDERAL RULES OF CIVIL PROCEDURE 60(b)(2), (3), and (6).[3] Defendant responds that utilizing

---

[3]Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . .

Rule 60(b) to set aside the judgment is a creative, but improper, attempt to circumvent the FAA.  The court agrees.  Sections 10 and 11 of the FAA provide for the application of any party to an arbitration to a federal court to vacate or modify, respectively, an arbitration award, and plaintiffs fail to offer authority suggesting that a district court may invoke Rule 60(b) as an alternative method to modify the merits of an arbitration award.  As defendant notes, the case law offered by plaintiffs is distinguishable from the facts of this action and, in fact, contrary to the relief plaintiffs seek.

Plaintiffs rely heavily on *AIG Baker Sterling Heights, LLC, v. American Multi-Cinema, Inc.*, 579 F.3d 1268 (11th Cir. 2009) (*Baker II*), but a close reading of this case compels a finding in favor of defendant.  (Doc. 1 at 14-15).  There, a landlord and tenant arbitrated a tax dispute with a joint stipulation that the tenant had paid "0.00" for the relevant time period.  (*Id*. at 1269).  After the arbitrator issued a decision, the tenant discovered that it had actually paid $248,624.57 in taxes during the relevant time period.  (*Id*.)  Consequently, the tenant commenced an action in district court for modification of the arbitration award pursuant to § 11(a) of the FAA, which provides that a federal court may modify or correct an arbitration award "[w]here there was ... an evident material mistake in the

---

(6) any other reason that justifies relief.

description of any person, thing, or property referred to in the award." The district court modified the arbitration award, and the landlord appealed. *See AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995 (11th Cir. 2007) (*Baker I*).

The Eleventh Circuit reversed the district court, holding that the oversight of taxes already paid did not amount to an "evident material mistake" within the meaning of the FAA and remanded the case to the district court. *Id.* at 999. In so holding, the Eleventh Circuit explained that FAA "embraces only an evident material mistake that appears in a description in the award," and supported its holding by noting the limited review of arbitration decisions:

> Because arbitration is an alternative to litigation, judicial review of arbitration decisions is "among the narrowest known to the law." *Del Casal v. E. Airlines, Inc.*, 634 F.2d 295, 298 (5th Cir. Unit B Jan. 1981). That narrow review is why a court cannot vacate an arbitration award for fraud based on information available before or during the arbitration that the parties, through lack of diligence, failed to discover. *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir. 1988).
>
> This appeal illustrates the danger of broad judicial review of arbitration awards. The parties elected to settle their dispute by arbitration rather than litigation, but this appeal is now before us after more than three years of litigation.

*Id.* at 1001.

On remand, the district court informed the parties that it wanted to credit the

monies already paid toward the arbitration award and directed the parties to brief how it could legitimately do so. *See Baker II*, 579 F.3d at 1270. The tenant suggested that the court confirm the award, then grant it relief from judgment under Rule 60(b)(5)[4] on the ground that part of the judgment had already been satisfied. *Id*. The district court again adopted the approach, granted the tenant relief under Rule 60(b)(5), and the landlord appealed. *Id*.

The Eleventh Circuit affirmed the district court's ruling, emphasizing that the district court had not *modified the arbitration award* pursuant to the FAA as it had in *Baker I*, but, rather, entered a judgment confirming the award and then *granted relief from the judgment* pursuant to Rule 60(b)(5). *Baker II*, 579 F.3d at 1272. The Court noted that relief under Rule 60(b)(5) was permissible because the district court had neither vacated nor modified the award, which would have been controlled by the FAA:

> [3]Nor did the district court ... revisit the merits of a matter decided at arbitration. The panel addressed three specific

---

[4]Rule 60(b)(5) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . .

8

> questions: (1) How much money must [the tenant] pay [the landlord] for taxes under the terms of their lease agreements? (2) How much money has [the tenant] already paid [the landlord] for taxes under the terms of their lease agreements? and (3) How much money does [the tenant], therefore, owe [the landlord] for taxes under the terms of their lease agreements? *The district court in no way disturbed the panel's answers to those questions*; the district court focused solely on the taxes [the tenant] had paid to the taxing authority– not to [the landlord]– and how the money paid for the taxes satisfied some of the tax money obligation the panel concluded that [the tenant] owed [the landlord] under the terms of their lease agreements.

*Id*. at 1273 n.3.

The Eleventh Circuit did acknowledge that § 13 of the FAA provides that "a judgment confirming an arbitration award, once entered, has the same force and effect as a judgment in a standard civil action and is subject to all the provisions of law relating to those judgments," but further noted that such a judgment is still limited by the FAA. Indeed, the Court stated:

> Fed. R. Civ. P. 81(a)(6)(B) says that the Federal Rules of Civil Procedure apply in actions related to arbitration "to the extent applicable" and except as otherwise provided for in the FAA. *We accept that this language may mean that courts cannot use Rule 60(b) to modify or vacate an arbitration award* or, perhaps, to grant relief from a judgment confirming an award for reasons covered in sections 10 or 11 of the FAA. *This appeal is different, however; it is about partial payment of a judgment debt*.

*Id*. at n.4 (emphasis added).

9

This language demonstrates that the Eleventh Circuit is not convinced that Rule 60(b) is always applicable to arbitration awards, particularly when a party, as here, asks the court to set aside the award as opposed to granting relief from the award. In the final analysis, the unsuccessful plaintiffs herein seek to put the merits of the arbitration award before the court, which is what the Eleventh Circuit noted the district court *did not do* in affirming that court's Rule 60(b) grant of relief in *Baker II*.[5] Therefore, in view of *Baker II* , the court finds that modification of the arbitration award is improper. Further, modifying the arbitration award in view of equity and good conscience is not justified as it undermines the purpose of arbitration – relieve congestion in the courts and provide parties with a speedier and less costly alternative to litigation. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005).

**C.     Sanctions**

Lastly, defendant asks the court to impose sanctions on plaintiffs because

---

[5] The court need not consider defendant's argument that plaintiffs' motion to vacate the arbitration award is untimely pursuant to 9 U.S.C. § 12 because plaintiffs, in response to defendant's motion to dismiss," assert that they "are not seeking to *vacate* the award under the FAA, but rather to *confirm* the award." (Doc. 5 at 8 (emphasis original)); 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

Additionally, in view of the court's determination of this matter, it pretermits any discussion concerning defendant's argument that plaintiffs cannot satisfy the requirements of Rule 60(b). (Doc. 4 at 8).

their action is both frivolous and groundless in law. (Doc. 4 at 17-18). In support, defendant relies on the Eleventh Circuit's warning in *B.L. Harbert International, LLC v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006), that it is "ready, willing, and able to consider imposing sanctions" when a "party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so." 441 F.3d at 914 (*abrogated on other grounds by Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1321 (11th Cir. 2010). Thus, the Eleventh Circuit clearly put parties on notice "that this Court is exasperated by those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards." *Id*. Plaintiffs respond that this litigation is not disingenuous and, "in fact, complicit with precedents established by the Supreme Court and Eleventh Circuit." (Doc. 5 at 16).

Here, sanctions are not warranted because the court cannot conclude that plaintiffs were "without *any* real legal basis" for bringing this action. *B.L. Harbert International, LLC*, 441 F.3d at 914 (emphasis added). The Eleventh Circuit's statement in *Baker II* that FEDERAL RULE OF CIVIL PROCEDURE 81(a)(6)(B) "*may* mean that courts cannot use Rule 60(b) to modify or vacate an arbitration award" arguably left open the issue of whether a party could utilize Rule 60(b) to set aside a judgment confirming an arbitration award. *Baker II*, 579

F.3d at 1272 n.4 (emphasis added). Despite the fact that plaintiffs were unable to convince the court that relief under Rule 60(b) is appropriate here, the court cannot say that they were without *any* real legal basis for bringing their action. Accordingly, defendant's request for sanctions against plaintiffs is due to be denied.

## IV.  CONCLUSION

For the foregoing reasons, the court finds that defendant's Motion to Dismiss, doc. 4, is due to be granted in part and denied in part. The court will confirm the arbitration award and deny plaintiffs' request to set aside the award. Defendant's request for sanctions against plaintiffs is also due denied. This action, therefore, is due to be dismissed with prejudice. Costs are due to be taxed plaintiffs. An appropriate order will be entered contemporaneously herewith.

**DONE**, this the 15th day of July, 2011.

_____
**JOHN E. OTT**
United States Magistrate Judge